MICHIGAN CIVIL RIGHTS COMMISSION v CLARK

1. CONSTITUTIONAL LAW—CIVIL RIGHTS COMMISSION—COURTS.

The constitutional section establishing the Civil Rights Commission gives a party to a proceeding before the commission a right to a court determination on the complaint in lieu of a commission determination, if he so desires (Const 1963, art 5, § 29; MCLA 564.401a).

2. CIVIL RIGHTS—COMMISSION—REMOVAL OF ACTION—EXHAUSTION OF REMEDIES.

The doctrine that judicial review may not be sought prior to exhaustion of administrative remedies is not violated by a statute allowing removal of proceedings before the Civil Rights Commission to a circuit court since no judicial review is involved, but rather a transfer from one forum to another (MCLA 564.401a).

3. CIVIL RIGHTS—COMMISSION—REMOVAL OF ACTION—STATUTES.

The statute providing for removal of proceedings before the Civil Rights Commission to a circuit court, by its provision that "the civil rights commission shall take no further action in regard to the complaint upon receiving a copy of the court order", does not prevent the Civil Rights Commission from representing the complainant in the circuit court or performing any other act pertinent to the disposition of the case (MCLA 564.401a).

4. CONSTITUTIONAL LAW—CIVIL RIGHTS—COMMISSION—REMOVAL OF ACTION—STATUTES.

The statute providing for removal of proceedings before the Civil Rights Commission to a circuit court, by its language giving the circuit court "all the powers and duties in regard to the complaint as are provided in this act to the civil rights commission", must be construed to pass the court only judicial powers and duties, namely to conduct the hearing, decide the com-

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Rights § 65 *et seq.*
[2] 15 Am Jur 2d, Civil Rights § 70.
[3, 4] 15 Am Jur 2d, Civil Rights §§ 65, 70.

plaint, and implement the decision, and so construed, does not violate the doctrine of separation of powers (MCLA 564.401a).

Appeals from Wayne, Theodore R. Bohn, J., and Macomb, Alton H. Noe, J. Submitted Division 1 June 13, 1972, at Detroit. (Docket Nos. 12003, 12004, 12294.) Decided July 31, 1972. Leave to appeal granted, 389 Mich 778.

Mrs. Ralph G. Clark, and Frank Misko and Bernice Misko, respondents in separate complaints brought under the Fair Housing Act of 1968, petitioned for removal of the proceedings from the Michigan Civil Rights Commission to circuit court. Petitions granted. The Civil Rights Commission appeals. Cases consolidated on appeal. Affirmed.

*Carl W. Huhn,* for Mrs. Ralph G. Clark.

*Robert J. Lord, Paul R. Vella,* and *Eugene R. Balanowski,* for Frank Misko and Bernice Misko.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael A. Lockman,* Assistant Attorney General, and *William F. Bledsoe,* Assistant Attorney General, for the Civil Rights Commission.

Before: V. J. Brennan, P. J. and Quinn and O'Hara,* JJ.

Quinn, J. In case 12003, Eleanor Hoffman filed a complaint with Michigan Civil Rights Commission (hereinafter CRC) alleging an unfair housing practice against Mrs. Clark. The CRC issued a "charge" and sent notice of hearing to Mrs. Clark. Pursuant to MCLA 564.401a; MSA 26.1300(401a), the latter petitioned circuit court for removal of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

jurisdiction to the circuit court. This petition was granted and the CRC moved to set aside the order granting removal, claiming that the removal statute was unconstitutional. By written opinion, the trial court held the statute was constitutional and denied the motion. On leave granted, the CRC appeals.

Except for the name of the complainant and the dates involved, case No. 12004 is identical to case No. 12003.

In case No. 12294, a complaint was filed with the CRC alleging that the Miskos were guilty of unfair housing practice. The CRC issued a "charge" and sent notice of hearing to the Miskos. The latter petitioned a different circuit court for removal which was granted, and on leave granted, the CRC appeals.

Is MCLA 564.401a; MSA 26.1300(401a) constitutional?

We agree with the trial courts that the statute is constitutional and we affirm. The following analysis which leads us to this conclusion also indicates the various attacks by the CRC on the constitutionality of the statute.

Const 1963, art 5, § 29, provides:

"There is hereby established a civil rights commission which shall consist of eight persons, not more than four of whom shall be members of the same political party, who shall be appointed by the governor, by and with the advice and consent of the senate, for four-year terms not more than two of which shall expire in the same year. It shall be the duty of the commission in a manner which may be prescribed by law to investigate alleged discrimination against any person because of religion, race, color or national origin in the enjoyment of the civil rights guaranteed by law and by this constitution, and to secure the equal protection of such civil rights without such discrimination. The legislature

shall provide an annual appropriation for the effective operation of the commission.

"The commission shall have power, in accordance with the provisions of this constitution and of general laws governing administrative agencies, to promulgate rules and regulations for its own procedures, to hold hearings, administer oaths, through court authorization to require the attendance of witnesses and the submission of records, to take testimony, and to issue appropriate orders. The commission shall have other powers provided by law to carry out its purposes. *Nothing contained in this section shall be construed to diminish the right of any party to direct and immediate legal or equitable remedies in the courts of this state.*

"Appeals from final orders of the commission, including cease and desist orders and refusals to issue complaints, shall be tried de novo before the circuit court having jurisdiction provided by law."

The statute involved is part of the Fair Housing Act of 1968 and provides:

"Within 15 days of receiving the notice of hearing as provided in section 406, the respondent may file with the circuit court for the county in which the complaint is alleged to have taken place a petition for the removal of the proceedings to the circuit court. Upon payment of the required filing fee, the court shall immediately issue an order removing the complaint from the jurisdiction of the civil rights commission. The court shall assume jurisdiction of the proceedings and the civil rights commission shall take no further action in regard to the complaint upon receiving a copy of the court order. The circuit court shall have all the powers and duties in regard to the complaint as are provided in this act to the civil rights commission. The civil rights commission may represent the complainant in the proceedings before the circuit court. Upon a determination by the circuit court that the respondent has not been guilty of an unfair housing practice, the court may order all costs of the proceeding incurred by the respondent to be paid by the complainant."

The italicized portion of the constitutional provision, *supra,* dealing with rules and regulations was adopted as an amendment to the original civil rights provision of the constitution. The debate on the amendment is found at 2 Official Record, Constitutional Convention 1961, pages 1999–2001, 2189–2196, 2756–2762. This debate confirms our opinion that the language involved means just what it says, namely: a party to a proceeding before the CRC is entitled to a court determination on the complaint in lieu of a commission determination, if he· so desires. A delegate to the constitutional convention, who opposed the amendment which provided the language under discussion, appears to ·be of the same view. We refer to Dr. Nord's article on the 1963 Constitution, 10 Wayne L Rev 309, 337–338 (1964).

We accept the statement in the brief of the CRC, "The source of all commission powers, functions and responsibility is to be found in the language of the document which gives it life. The converse of this last proposition is also true, *i.e.,* the source of all the constraints on commission powers, functions and responsibility is to be found in the language of that document". A constraint on commission powers, functions, and responsibility was written into the constitution by the language, "Nothing contained in this section shall be construed to diminish the right of any party to direct and immediate legal or equitable remedies in the courts of this state". This language does not restrict "legal or equitable remedies" to those existing at the time the constitution was adopted, and we decline to read such a restriction into it. The language permits legislative implementation as was done in MCLA 564.401a, *supra.*

This statute does not provide for a review of the administrative proceedings. It provides for a trans-

fer of the proceedings from the commission to the courts prior to hearing. The argument of the CRC that the statute violates the doctrine of exhaustion of administrative remedies before seeking judicial review is inapposite. No judicial review is involved. The trial of the complaint is before the court rather than the commission, and the CRC may represent the complainant in the court proceeding.

In view of the right of the CRC to represent the complainant in the court proceeding, the language found in MCLA 564.401a, "the civil rights commission shall take no further action in regard to the complaint upon receiving a copy of the court order", must be construed not to apply to the court proceedings, otherwise the right does not exist, *Scott v Budd Co,* 380 Mich 29 (1968). Read thus, the language does not prohibit the CRC from performing any act that is pertinent to the hearing and disposition of the case. This obviates discussion of the CRC's argument relative to injunctions.

The CRC argues that since MCLA 564.401a gives the circuit court "all the powers and duties in regard to the complaint as are provided in this act to the civil rights commission", it confers nonjudicial powers on the court in violation of the separation of powers doctrine. Courts are required to construe statutes in such a manner as to render them constitutional rather than unconstitutional, *Bohn Lumber Products Co v Michigan Public Service Commission,* 317 Mich 174 (1947). The statute before us is subject to constitutional construction by restricting the powers and duties of the CRC which pass to the court on grant of removal to judicial powers and duties, namely: to conduct the hearing, decide the complaint, and implement the decision. In context with the entire statute, we

find that that is all the language under consideration does.

Having determined that the statute does not offend Const 1963, art 5, § 29, we find further constitutional basis for the statute in Const 1963, art 1, § 2.

Affirmed but without costs.

All concurred.